RECEIVED
IN LAKE CHARLES, LA
APR 27 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOEL CARVER | : | DOCKET NO. 2:07-cv-266 SEC P |
| VS. | : | JUDGE MINALDI |
| CALCASIEU CORRECTIONAL CENTER, ET AL. | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Currently before the court is a Motion for Summary Judgment [Doc. 21] filed in plaintiff's civil rights (42 U.S.C. § 1983) suit by defendants Calcasieu Correctional Center, Richard George, and Greg Tete. Because plaintiff's claims are barred by the statute of limitations, it is RECOMMENDED that defendants' Motion is GRANTED.

### Facts

Plaintiff was arrested for looting and possession of a controlled dangerous substance on September 26, 2005. Doc. 1-3 (Complaint); Doc. 21-6 (Ex. Boyd #1, *in globo*). In October of 2005, CPSO determined plaintiff to be a medium security risk and placed him in Calcasieu Parish Sheriff's Prison 760-10-2 (the 700 block), classified as medium security housing. Doc. 1-3 (Complaint), ¶ 6; Doc. 21-9 (affidavit of Charles Lavergne); Doc. 21-12 (affidavit of Greg Tete); Doc. 21-13 (affidavit of Darren Boyd). While housed in the 700 block, a conflict arose between plaintiff and an already convicted felon on December 7, 2005. Doc. 1-3 (Complaint), ¶ 7. As a result, plaintiff was injured and required medical care. *Id.*

On January 11, 2007, plaintiff filed a petition dated December 29, 2007 in the Fourteenth

1

Judicial District Court, Calcasieu Parish, Louisiana, alleging that his due process rights were violated when defendants housed him with convicted felons, although he was a pretrial detainee. Doc. 1-3 (Complaint), ¶ 9.

Defendants removed the case to this court on the basis of federal question jurisdiction on February 9, 2007. Doc. 1. After a period of discovery, defendants filed the instant Motion for Summary Judgment on December 16, 2008. Doc. 21. Defendants allege that they are entitled to judgment as a matter of law because, among other things, plaintiff's claim prescribed prior to his filing suit.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). It is the responsibility of the party moving for summary judgment to identify those portions of the record that demonstrate the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant carries its burden, the non-moving party must show that summary judgment is inappropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To do so, the party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex, Inc.*, 45 F.3d at 954; Fed. R. Civ. Proc. 56(e). Finally, the court must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *United States Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975). If the record as a whole "could not lead a rational trier of fact to find for the non-moving party," no genuine issue for trial exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d

2

538 (1986).

A pro se litigant is held to a less stringent standard than a practicing attorney with regard to allegations made in a complaint. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972). However, with regard to a Motion for Summary Judgment, a pro se litigant must still comply with basic evidentiary requirements, such as offering sworn materials to oppose the motion. *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980); *see also Cusick v. United States*, No. 06-24, 2008 WL 410075, *2 (W.D. La. Feb. 13, 2008).

## Analysis

*A. Prescription*

In a 42 U.S.C. § 1983 case, federal law determines when a civil rights action accrues, but state law supplies the applicable limitations period and tolling provisions. *Cruz v. La. Dept. of Pub. Safety and Corrs.*, 528 F.3d 375, 378 n.7 (5th Cir. 2008). Louisiana law prescribes a one-year period for filing a § 1983 claim. *Id.* at 378, 378 n.8 (citing La. Rev. Stat. Ann. § 23:303D). "The cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (citing *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

As previously noted, plaintiff dated his Complaint December 29, 2006. Doc. 1-3. "[W]hen a *pro se* prisoner delivers his [§] 1983 complaint to the prison authorities for forwarding to the clerk of court, the complaint is, for limitations purposes, deemed filed at that time." *Id.* (citing *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995)). Out of an abundance of caution, the court deems plaintiff's suit "filed" on December 29, 2006.

Plaintiff was placed in mixed housing sometime in October of 2005.[1] Doc. 21-9 (affidavit of Charles Lavergne); Doc. 21-12 (affidavit of Greg Tete); Doc. 21-13 (affidavit of Darren Boyd). Defendants argue that the time for plaintiff to file suit began to run when plaintiff was placed in mixed housing. Doc. 21-5, at 4. According to defendants, plaintiff should have filed suit by October of 2006, but did not file suit until after that date. Thus defendant argues plaintiff's claims are prescribed.

In his response to defendants' Motion for Summary Judgment, plaintiff argues that his injury occurred on December 7, 2005, the date of his conflict with the convicted felon. However, plaintiff admits that even calculating prescription based on this date "[i]t is apparent that the suit was filed approximately one month past the date of prescription."

Plaintiff argues that his suit is nevertheless timely because an Executive Order issued by former Governor Blanco suspended all periods of prescription from August 29, 2005 to January of 2007. The court finds that this argument is without merit.

In the aftermath of Hurricanes Katrina and Rita, former Governor Kathleen Blanco issued an Executive Order suspending "[a]ll deadlines in legal proceedings, including liberative prescriptive and peremptive periods in all courts" from August 29, 2005 through September 25, 2005. La. Exec. Order No. KBB 2005-32. Thereafter in Executive Order No. KBB 2005-48, Governor Blanco amended the previous order to suspend the deadlines until October 25, 2005. Finally, in Order No. KBB 2005-67, the Governor extended the deadline to November 25, 2005.

The Louisiana State Legislature subsequently extended the suspension of prescription ordered by Governor Blanco in Louisiana Revised Statute § 9:5822(A). However, the legislature

---

[1] Defendants claim October 8, 2005 as the exact date. Doc. 21-4. However, the affidavits cited for the proposition, Doc. 21-9 (affidavit of Charles Lavergne); Doc. 21-12 (affidavit of Greg Tete); Doc. 21-13 (affidavit of Darren Boyd), establish only that the placement occurred in October, not the exact date.

4

limited the applicability of this extension, noting:

> All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006. This limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.

As recently observed by the Eastern District of Louisiana: "Every Louisiana court that has considered Section 9:5822(A) has held that the statute 'only provides that the time for instituting suit would be extended until January 4, 2006, for all *claims that would have prescribed between November 25, 2005 and January 3, 2006.* [If plaintiff's] claims would not have prescribed between November 25, 2005 and January 3, 2006[,] the statute does *not* have the effect of extending [the prescriptive period]. *Olubadewo v. Xavier Univ.*, 2009 WL 937009, at 11 (E.D. La. Apr. 6, 2009) (quoting *Assaleh v. Sherwood Forest Country Club Inc.*, 991 So.2d 67, 73 (La. App. 1st Cir. 2008) (emphasis added); citing *Compensation Specialties, L.L.C. v. New England Mut. Life Ins. Co.*, No.2008-1549, 2009 WL 367497, at *6 (La. App. 1st Cir. 2009); *Bourque v. Drake*, 995 So.2d 1215, 1219 (La.App. 3d Cir. 2008), *writ denied*, 998 So.2d 724 (La. 2009); *Baldini v. East Jefferson Gen'l Hosp.*, 976 So.2d 746, 751 (La. App. 5th Cir. 2008), *writ denied*, 983 So.2d 1288 (La. 2008)).

In the instant case, plaintiff was placed in mixed housing in October of 2005. Governor Blanco's Executive Orders suspended prescription until November 25, 2005. Thus, taking prescription to have begun at the time plaintiff was placed in mixed housing, plaintiff had one year from November 25, 2005, or until November 25, 2006 to file suit. Because plaintiff did not

file suit by November 25, 2006, his claim is prescribed.

If the court takes prescription to have begun on the date of plaintiff's conflict with the convicted felon, December 7, 2005, prescription is unaffected by the suspension ordered in the wake of the hurricanes. As noted above, for all claims that would not have prescribed between November 25, 2005 and January 3, 2006, the statute does not extend the prescriptive period. Thus, plaintiff has one year from December 7, 2005, or until December 7, 2006 to file suit. Because plaintiff did not file suit by December 7, 2006, his claim is prescribed.

*B. Equitable Tolling*

Plaintiff argues that if his claims are deemed prescribed, the court should apply equitable tolling. Plaintiff argues that equitable tolling should apply because he thought that the was required to file internal grievances and did not realize otherwise until he was advised in response to his grievance that internal grievance procedures did not apply to him as a pre-trial detainee. Plaintiff also argues that equitable tolling is justified because he did not have access to a law library or meaningful assistance.

Equitable tolling principles apply to civil rights cases filed pursuant to 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). However, lack of knowledge about the law, does not justify equitable tolling. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations). Nor is plaintiff's late filing excused by his unfamiliarity with the legal process or his lack of legal representation. *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). In short, petitioner has not alleged, nor does the court find, that any conditions exist for equitable tolling.

6

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that defendants' Motion for Summary Judgment [Doc. 21] be GRANTED because plaintiff's claim is prescribed.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on April 27, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE